UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                    :
**VICTOR JORDAN AND COMMITTEE TO**                                  :
**ELECT JORDAN**,                                                   :
                                                                    :
                                                                    :  **MEMORANDUM DECISION**
                                 Plaintiffs,                        :  **AND ORDER**
                                                                    :
                                                                    :  24-CV-7266 (AMD) (CLP)
                 – against –                                        :
                                                                    :
                                                                    :
**NYC CAMPAIGN FINANCE BOARD; MARK**                                :
**P. GRIFFIN; FREDERICK P. SCHAFER;**                               :
**CAMERON FERRANTE;** and **CHERYL**                                :
**LaROSE**,                                                         :
                                                                    :
                                 Defendants.                        :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff,[1] a former candidate in the September 2017 New York City Council

primary election, brings this action against the New York City Campaign Finance Board

("CFB"), a CFB member, two CFB employees, and the former treasurer of the Committee to

Elect Jordan.  (ECF No. 1.)  He brings claims under 42 U.S.C. §§ 1983 and 1988 for violations

of the First and Fourteenth Amendments to the United States Constitution.  (*Id.* ¶¶ 34–38, 43–

49.)  The plaintiff also brings a state law claim for abuse of process.  (*Id.* ¶¶ 39–42.)  Defendant

CFB moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  As

---

[1] As explained below, the plaintiff is not admitted to practice law and cannot represent the Committee to
Elect Jordan.

[2] At the time the motion was filed, Griffin, Schafer, and Ferrante had not been served with the summons
and complaint.  Once they were served on September 16, 2025 (ECF No. 21), they requested that their
time to respond to the complaint be extended until after the CFB's motion to dismiss was decided "or, in
the alternative, that the Court construe the CFB's motion to dismiss as a motion to dismiss by Schafer,
Griffin, and Ferrante, too" (ECF No. 23)  On October 16, 2025, the Court granted the Motion for
Extension of Time to Answer.  (*ECF Order dated Oct. 16, 2025*.)  The Court construes the CFB's
motion to dismiss to include Schafer, Griffin, and Ferrante.

explained below, the Court grants the motion as to the federal claims.[3]  The Court also *sua sponte* dismisses the federal claims against Cheryl LaRose.  The Court declines to exercise supplemental jurisdiction over the state law claims.

## BACKGROUND

The plaintiff, a 2017 candidate for New York City Council, enrolled in the CFB's matching funds program in June 2017.  (ECF No. 1 ¶¶ 6, 16.)  He alleges that he had a dispute with CFB attorney Mark P. Griffin about the information that the CFB included in the plaintiff's Voter Guide Profile.  (*Id.* ¶¶ 14, 19–22.)  The plaintiff alleges that as a result of this dispute, Griffin and the CFB "sabotage[d]" the plaintiff's CFB account, leading the plaintiff to withdraw from the matching funds program in July 2017.  (*Id.* ¶¶ 23–25.)  On July 30, 2017, the plaintiff sent CFB Chair Frederick P. Schafer a letter complaining about Griffin's conduct and requesting that Schafer instruct Griffin to accept the plaintiff's corrections to the Voter Guide.  (*Id.* ¶ 26; *see also id.* at 13.)  The plaintiff alleges that CFB attorney Cameron Ferrante retaliated against him by "harass[ing] and intimidat[ing]" him by phone.  He also claims that the CFB retaliated against him and fined him for failing to comply with the New York City Campaign Finance Act, N.Y.C. Admin. Code. §§ 3-701 to -720.  (*Id.* ¶¶ 31–33.)  The plaintiff alleges that the retaliation continued through 2022, when the CFB commenced a civil action to collect the fines assessed against him.  (*Id.* ¶ 15; *see also id.* at 10–11.)

The plaintiff brings this action under Section 1983 for "Conspiracy" (Count I), "Malicious Abuse of Process/Denial of Procedural Due Process" (Count III) and "Retaliation

---

[3] The Court directed the plaintiff to respond to the defendants' motion by July 11, 2025.  (*ECF Order dated June 13, 2025*.)  When the plaintiff did not comply with that order, the Court *sua sponte* extended the response date to August 4, 2025, and warned the plaintiff that the Court would deem the motion unopposed if he did not file a response.  (*ECF Order dated July 22, 2025*.)  The plaintiff moved on July 24, 2025 to disqualify the Court and Judge Cheryl Pollak (ECF No. 18), but never responded to the defendants' motion.  Accordingly, the Court deems the motion fully briefed.

(1st Amendment)" (Count IV). (*Id.* ¶¶ 34–38, 43–49.) The plaintiff's remaining claim for "abuse of process" (Count II) arises under New York state law. (*Id.* ¶¶ 39–42.) The plaintiff seeks an "order dismissing defendants' Notice of Claim and Summons to appear with prejudice," "$10,000,000" for "compensatory damages," "$10,000,000" for "punitive damages" and "[d]isbursements, costs, and attorneys' fees." (*Id.* at 7.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may examine "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted).

Because the plaintiff is proceeding *pro se*, the Court construes his complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and interprets it to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (cleaned up); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)

(noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally" (citations omitted)).  The plaintiff did not oppose the defendant's motion, but "failure to oppose a 12(b)(6) motion alone cannot justify dismissal of a complaint."  *LaFargue v. River Cafe Co.*, No. 12-CV-5336, 2015 WL 1469544, at *2 (E.D.N.Y. Mar. 30, 2015) (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)).

## DISCUSSION

**I.      Pro Se Claims on Behalf of the Committee to Elect Jordan**

The plaintiff brings claims on behalf of the Committee to Elect Jordan.  Although a plaintiff who is not admitted to practice law is permitted to represent himself in civil actions, *see* 28 U.S.C. § 1654, he cannot represent anyone other than himself, *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (noting that Section 1654 "does not permit unlicensed laymen to represent anyone else other than themselves" (citation and internal quotation marks omitted)).  This prohibition extends to all artificial entities that are legally distinct from their owners.  *See id.* at 140 (concluding that a *pro se* plaintiff cannot represent a sole member or solely-owned limited liability company).  The Committee to Elect Jordan, which the plaintiff describes as the "authorized committee designated by Victor Jordan pursuant to New York City Administrative Code § 3-703(e)" to fundraise for his campaign, is a unique entity.  (ECF No 1. ℙ 7.)  The plaintiff may not represent the Committee.  Accordingly, the Court decides this motion with Victor Jordan as the sole plaintiff.

**II.     Failure to State a Claim Under Section 1983**

      **a.      Claims Against Defendants Griffin, Schafer and Ferrante**

Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be

4

subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.[4]  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)) (citations omitted).

    i.   *First Amendment Claim*

The plaintiff asserts that the defendants violated his First Amendment right to petition the government for a redress of grievances.  (ECF No. 1 ¶¶ 47–49.)  However, to the extent the plaintiff bases this claim on the CFB's September 12, 2019 decision to fine him (ECF No. 11-1, at 2–4), his claim is time-barred, because the plaintiff did not initiate this action until October 11, 2024 — over five years after the CFB penalized him.  *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R. § 214(5) (McKinney 1990)) (applying New York's three-year statute of limitations for personal injury actions to Section 1983 claims).  Thus, interpreting the complaint to raise "the strongest arguments" that it suggests, *Fowlkes*, 790 F.3d at 387, the Court reads the complaint to concern the CFB's February 2022 civil action against the plaintiff, which falls within the statute of limitations.  Thus, the Court construes the First

---

[4] The plaintiff also brings this action under Section 1988, but that section does not provide an independent cause of action.  Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil rights cases in conformity with federal law where appropriate, or with state law.  42 U.S.C. § 1988(a).  Sections (b) and (c) permit a prevailing party to seek reasonable attorney fees in certain cases and for reimbursement of any fees paid to an expert as part of the attorney fees.  42 U.S.C. § 1988(b)–(c).  However, "a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees" under Section 1988.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *Cano v. City of New York*, No. 23-CV-3807, 2023 WL 4134341, at *3 (S.D.N.Y. June 20, 2023).

Amendment retaliation claim to be that Schafer, Griffin and Ferrante caused the CFB to sue the plaintiff in retaliation for the plaintiff's complaints about Griffin.  (ECF No. 1 ⁋⁋ 47–49)

To state a retaliation claim under the First Amendment, "a plaintiff must show that: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by the plaintiff's exercise of that right; and (3) the defendant's actions caused the plaintiff some injury." *Jordan v. N.Y.C. Bd. of Elections*, 816 Fed. App'x 599, 602 (2d Cir. 2020) ("*Jordan I*") (citation omitted).

In the complaint, the plaintiff speculates that the CFB sued him in 2022 solely because of a letter he wrote in 2017, and for no other reason, because the CFB "lost jurisdiction" over him when he withdrew from the matching funds program in 2017.  (*See* ECF No. 1 ⁋ 45.)  But the plaintiff does not plead any facts that connect the 2022 civil suit to his First Amendment conduct five years earlier.  While the plaintiff also claims that Ferrante "harass[ed]" him by phone from 2017 to the present, (*Id.* ⁋ 31), he does not say what Ferrante said, and more importantly, does not allege that Ferrante said anything or even knew about the plaintiff's 2017 letter.  The plaintiff also claims that Griffin, Schafer, and Ferrante participated in the decision to sue him in 2022, (*Id.* ⁋ 32), but does not provide any support for that theory.  Speculation and "naked assertions devoid of further factual enhancement" are insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678 (quotations and alterations omitted).  *See also Jordan I*, 816 Fed. App'x at 602 (dismissing the same plaintiff's retaliation claim because he did not connect his First Amendment conduct and the alleged retaliation); *Jordan v. Pierre*, 18-CV-8538, 2021 WL 2581444 (S.D.N.Y. June 22, 2021) (same), *aff'd sub nom Jordan v. Tilzer*, 21-1938, 2022 WL 16544335 (2nd Cir. Oct. 31, 2022).  Therefore, the plaintiff has not alleged that defendants violated his First Amendment right to petition, and, because the plaintiff has not alleged "'the deprivation of [a] right . . .

secured by the Constitution,'" he has not alleged a Section 1983 claim.  *Vega v. Tekoh*, 597 U.S. 134, 150 (2022) (quoting 42 U.S.C. § 1983) (alteration in *Vega*).

        *ii.*        *Fourteenth Amendment Claim*

The plaintiff further alleges "43 U.S.C. § 1983 – Malicious Abuse of Process/Denial of Procedural Due Process" in Count III of the complaint.  (ECF No. 1 ¶¶ 43–46.)  Interpreting the complaint to raise "the strongest arguments" that it suggests, *Fowlkes*, 790 F.3d at 387, the only conceivable violation alleged in Count III is that Griffin, Schafer, and Ferrante violated the plaintiff's procedural due process rights when they tried to collect fines in the 2022 civil action. (ECF No. 1 ¶¶ 34–38, 43–46.)[5]  As explained above, the Court considers only the civil action, not the 2019 decision to fine the plaintiff, as the basis for this claim, because claims based on the 2019 decision are time-barred.  *See Pearl*, 296 F.3d at 79.  Count III also includes "malicious abuse of process," but the Second Circuit has held that Section 1983 liability "may not be predicated on a claim of malicious abuse of … *civil* process."  *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (emphasis and alterations in original) (quoting *Cook v. Sheldon*, 41 F.3d 73, 79–80 (2d Cir. 1994)).  Accordingly, the Court construes Count III as a Section 1983 claim for a violation of the plaintiff's procedural due process rights under the Fourteenth Amendment.

To sustain a procedural due process claim under the Fourteenth Amendment, the plaintiff must allege that he "(1) had a protected liberty or property interest and (2) was deprived of that interest without due process."  *Harris v. City of New York*, No. 16-CV-1214, 2018 WL 4471631, at *10 (E.D.N.Y. Sept. 18, 2018) (quoting *Johnson v. City of New York*, No. 16-CV-2879, 2018 WL 1175139, at *3 (E.D.N.Y. Mar. 5, 2018)).  "[I]n evaluating what process satisfies the Due

---

[5] As noted in the discussion of the plaintiff's First Amendment claim, the plaintiff does not allege any facts to support his claim that the defendants were involved in the decision to sue him.

Process Clause, 'the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'" *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)).

The plaintiff's claims relate to established state procedures. The CFB filed a $2,338.00 civil action against the plaintiff, LaRose, and the Committee to Elect Jordan in New York City Small Claims Court. The CFB's rules authorize it to seek payment of fines "through appropriate legal action," Rules of the City of New York, tit. 52, § 10-03(d) (2019), and the New York City Small Claims Court has statutory jurisdiction to hear claims of up to $10,000, *see* N.Y. CITY CIV. CT. ACT §§ 1801–15 (McKinney 2022). Courts considering whether state procedures satisfy procedural due process apply the Supreme Court's three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). *See Rivera-Powell*, 470 F.3d at 466 (applying *Mathews*, 424 U.S. at 333). Under *Mathews*, the Court balances (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Generally, courts conclude that the *Mathews* test is satisfied if judicial review is available before the challenged action becomes final. *See Rivera-Powell*, 470 F.3d at 467 (concluding that procedural due process was satisfied where the plaintiff had the opportunity to obtain state-level judicial review of the CFB's decision to remove her from the ballot); *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988) (rejecting procedural due process claim because the

plaintiffs "could have sought meaningful review" of town zoning decision "within the state judicial system, but chose instead to commence the present action"). In New York City Small Claims Court, the plaintiff was entitled to full judicial review, including a jury trial (ECF No. 11-2, at 6), and opportunity to appeal the judge's decision (ECF No. 11-3, at 2). The availability of these procedures comports with due process. Thus, Count III is dismissed.

### iii.  *Conspiracy Claim*

The plaintiff also alleges a "43 U.S.C. § 1983 – Conspiracy" to violate his "due process and First Amendment rights." (ECF No. 1 ¶¶ 34–38.) As explained above, the plaintiff has not sufficiently alleged a constitutional injury, so the conspiracy claim fails on that basis alone. In any event, the complaint does not adequately plead a conspiracy. To establish a Section 1983 conspiracy claim, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). The plaintiff alleges without any factual support that "Defendants Mark P. Griffin, Cameron Ferrante and Frederick Schafer conspired to violate Jordan's constitutional rights and to deprived [sic] him of his civil liberties." (ECF No. 1 ¶¶ 34–38.) This bare assertion is insufficient to suggest agreement between the defendants and, therefore, is insufficient to state a conspiracy claim. *Ciambrello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed . . ." (citation omitted)). For these reasons, Count I is dismissed for failure to state a claim.

**b.**      **Claims Against the CFB**

Nor does the plaintiff state a claim against the CFB, a municipal agency.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–94 (1978) (holding that municipalities are not liable for the unconstitutional acts of their employees under Section 1983 unless the acts were taken pursuant to a municipal policy or custom).  To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)) (internal quotation marks and alterations omitted).  The plaintiff does not allege that CFB members or staff acted pursuant to a CFB policy, practice, or custom.  Thus, the plaintiff's claims against the CFB are dismissed for failure to state a claim.  *See Jordan I*, 816 Fed. App'x at 604 (dismissing claims against the CFB for similarly failing to allege that actions were taken under a policy, practice, or custom).

**c.**      **Claims Against Defendant LaRose**

Defendant LaRose did not file a motion to dismiss.  Nevertheless, to the extent that the plaintiff brings Section 1983 claims against her, the Court addresses them *sua sponte*.  Rule 8(a) of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of his claim against each defendant named so that they have adequate notice of the claims against them.  *See Iqbal*, 556 U.S. at 677–78.  To satisfy this standard, a complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citation and quotations omitted).  "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the

10

power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Reiner v. Paneth*, 24-CV-4914, 2025 WL 2783246, at *1 n.1 (E.D.N.Y. Sept. 30, 2025) (dismissing claims against a non-moving defendant *sua sponte*); *Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478, 499 (S.D.N.Y. 2011) (dismissing claims against a non-appearing, non-moving defendant *sua sponte* where motions by other defendants put the plaintiff on notice of the ground for dismissal), *aff'd sub nom. Alki Partners, L.P. v. Windhorst*, 472 F. App'x 7 (2d Cir. 2012).

It is not clear what the plaintiff is claiming that LaRose did.  He states only that she was the treasurer of the Committee to Elect Jordan, she "was doing a good job complying with the reporting requirements of the CFB," she was "provided with training by the CFB concerning [its] rules" and she "began to experience severe difficulty with the CFB computer systems" after the plaintiff's dispute with Defendant Griffin.  (ECF No. 1 ¶¶ 13, 17, 23.)  The plaintiff does not mention her in the complaint's causes of action.  (*Id.* ¶¶ 34–49.)  Under these circumstances, the Court cannot discern the basis for including LaRose in the complaint.  Accordingly, the claims against LaRose are deficient under Rule 8 and must be dismissed.  *See, e.g.*, *Williams v. Amazon*, No. 24-CV-2733, 2024 WL 1704720, at *2 (E.D.N.Y. Apr. 19, 2024).[6]

## III.   State Law Claims

"[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. New York-Presbyterian Hosp.*, 455

---

[6] Nor is there any evidence that LaRose was a state actor, or that she took any actions that could be attributed to the state. *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)) (describing when private citizens or entities can be held liable under Section 1983).  Rather, according to the complaint, she was a private citizen who served as the treasurer on the Committee to Elect Jordan.

F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).  The Court has dismissed all the federal claims over which it has original jurisdiction and declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims alleging abuse of process.  *See Kolari*, 455 F.3d at 123 ("Plaintiffs' federal-law claims were eliminated on a motion to dismiss, prior to the investment of significant judicial resources, and we can discern no extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court where they will be afforded a 'surer-footed reading of applicable law.'" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))).

## IV.    Leave to Amend

The plaintiff has not requested leave to amend, but the Court addresses it *sua sponte* in light of the plaintiff's *pro se* status.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Clarke v. Leading Hotels of the World, Ltd.*, No. 15-CV-8, 2015 WL 6686568, at *5 (S.D.N.Y. Oct. 29, 2015) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted)), "it is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

First, leave to amend is not warranted when the "problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  As explained above, the "problem with" the plaintiff's allegations regarding the CFB's 2019 decision to fine him "is substantive," because claims based on that action are time-barred, so "[r]epleading would . . . be futile." *Id.*  Second, the plaintiff did not oppose the

12

defendants' motions to dismiss, even after the Court granted him an extension *sua sponte* (*ECF Order dated July 22, 2025*).  And, as noted above, he has not requested leave to amend.  Accordingly, the Court denies leave to amend because the plaintiff did not respond to the defendants' motions to dismiss and has not "engage[d]" with their arguments.  *Abreu v. Fairway Mkt. LLC*, No. 17-CV-9532, 2018 WL 3579107, at *1 (S.D.N.Y. July 24, 2018) (denying leave to amend because "failure to meaningfully engage with the [d]efendants' arguments amounts to a waiver of [the plaintiff's] opportunity to respond") (citing *Felske v. Hirschmann*, No. 10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012)); *see also Clarke*, 2015 WL 6686568, at *5 (denying leave to amend *sua sponte* in part because the plaintiff did not oppose the motion to dismiss).

## CONCLUSION

For these reasons, the CFB's motion is granted with respect to the plaintiff's federal claims, and the Court *sua sponte* dismisses the federal claims against LaRose.  The Court declines to exercise supplemental jurisdiction over the plaintiff's state claims.  The plaintiff's complaint, filed *in forma pauperis*, is dismissed with prejudice.  The Clerk of Court is respectfully directed to enter judgment dismissing the case and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      February 20, 2026